IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADESINA A. MERCER                               :

                                      :

      v.                                      :   Civil Action No. DKC 12-0306

                                        :

THE ARC OF PRINCE GEORGE'S                      :
COUNTY, INC.                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Family and Medical Leave Act ("FMLA") is the motion to dismiss or for summary judgment filed by Defendant The Arc of Prince George's County ("The Arc").  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be granted.

**I.  Background**

    **A.  Factual Background**

Unless otherwise noted, the facts outlined here are uncontested.  The Arc is an organization that provides services to individuals with disabilities.  Plaintiff Adesina A. Mercer was employed at The Arc as a Finance and Benefits Coordinator from July 26, 2004, until her discharge on March 23, 2011.  Plaintiff's job duties required her to "[a]ssure that all residents are receiving the benefits that they are elegible

for," to "[a]ssure all those eligible for Food Stamps receive them on an ongoing basis," and to "[a]ssure all Food Stamp application and re-certification requirements are completed in a timely fashion." (ECF No. 3-4, at 2). In May 2007, Plaintiff was placed on conditional employment status because a number of qualified clients were not receiving their Food Stamp benefits as a result of Plaintiff's failure either to activate or to re-certify their applications. (ECF No. 3-5). She was later reinstated to full employment status. On November 30, 2010, a representative of The Arc emailed Plaintiff and her supervisor to inform them that seventeen clients were not receiving Food Stamp benefits. (ECF No. 3-7). On December 28, the representative sent a second email, informing them that those clients, plus an additional five, were not receiving Food Stamp benefits. (ECF No. 3-8). To these emails, Plaintiff responded that she was "doing the best that I can . . . I cannot say when these people will be reinstated." (ECF No. 3-7).

In January 2011, Plaintiff was in an automobile accident and took leave pursuant to the FMLA beginning on January 31. While she was on leave, other employees assumed her duties and discovered that some clients' Social Security benefits had lapsed, and they were no longer receiving them. Additionally, The Arc contends that it discovered unopened mail regarding

clients' benefits dating to May 2010 in Plaintiff's office, an allegation that she denies.

Because of these discoveries, Plaintiff was placed on five-day administrative leave after she returned from her FMLA leave. During Plaintiff's administrative leave, The Arc investigated its clients' benefits and discovered that:  1) only sixty-one of 160 eligible clients were receiving Food Stamp benefits, and 2) twenty-five clients were not receiving their Social Security benefits.  While being investigated, Plaintiff again took FMLA leave.  On March 23, after she returned from her second FMLA leave, The Arc terminated Plaintiff's employment for unsatisfactory job performance.  Plaintiff contends that she was never shown the results of the investigation or any evidence that she did not open mail.  (ECF No. 4-1 ¶¶ 17, 18).  Finally, while she declares that she "never failed to obtain and maintain Food Stamp benefits for recipients," she also admits that while she was performing her job duties "[i]t was routine for residents to lapse in receiving Food Stamp benefits."  (*Id.* ¶ 9).

## B.  Procedural Background

On January 31, 2012, Plaintiff filed a two-count complaint, the first under the "interference" and "retaliation" provisions of the FMLA, 29 U.S.C. § 2615(a), and the second for retaliatory discharge under Maryland law.  (ECF No. 1).  Plaintiff consents

3

to dismissal of the second count.   Defendant filed a motion to dismiss or for summary judgment (ECF No. 3), which Plaintiff opposed (ECF No. 4).  Defendant filed a reply.  (ECF No. 8).

## II.  Standard of Review

Although denominated as an alternative motion to dismiss or for summary judgment, the parties submit and rely on materials outside the pleadings, so the summary judgment standard applies. Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).   Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).   "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).  At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

## III. Analysis

Plaintiff asserts that her termination violated both the interference and retaliation provisions of the FMLA.  As noted above, Plaintiff declares in her affidavit that the first time she heard of any failure to obtain Food Stamp benefits was in Defendant's motion, and that she only learned of unopened mail during the unemployment appeal two months after her discharge. She denies failing to open mail.  Defendant argues that Plaintiff merely recharacterizes her deficient performance of her job duties as "routine," and that she failed to put forward any facts to demonstrate that The Arc's justifications for her dismissal were pretextual or are otherwise in violation of the FMLA.

The FMLA was passed to balance "workplace demands with family needs and personal health needs while accommodating the legitimate interests of employers and minimizing the potential for employment discrimination."  *Neel v. Mid-Atl. of Fairfield, LLC*, 778 F.Supp.2d 593, 596 (D.Md. 2011) (citing 29 U.S.C. §

2601(b)).   Under the FMLA, an interference claim asserts that
the employer failed to restore the employee to his or her
previously held position.  *Santorocco v. Chesapeake Holding Co.,
LLC*, 2010 WL 2464972, *4 (D.Md. June 10, 2010).   A retaliation
claim asserts that the employer fired the employee because he or
she exercised a right to take FMLA leave.  *Id.* (citing *Yashenko
v. Harrah's*, 446 F.3d 541, 546 (4th Cir. 2006)).   "The primary
difference between these two theories is a retaliation claim
requires the plaintiff to show the employer's adverse employment
decision was based on retaliatory or discriminatory motive or
intent, while motive is largely irrelevant when analyzing an
interference claim."   *Santorocco*, 2010 WL 2464972, at *4
(citing *Bosse v. Balt. Cnty.*, No. PWG-09-050, 2010 WL 816633, at
*10 (D.Md. Mar.10, 2010)).

> A.        **Interference Claim**

The right to restoration is not absolute.  *Yashenko*, 446
F.3d at 547.   The FMLA "does not require an employee to be
restored to his prior job after FMLA leave if he would have been
discharged had he not taken leave."   *Id.*   "Therefore, an
employer that does not restore an employee returning from FMLA
leave can avoid liability by showing 'that [the] employee would
not otherwise have been employed at the time reinstatement is
requested.'"   *Jordan v. Radiology Imaging Assocs.*, 577 F.Supp.2d
771, 785 (D.Md. 2008) (citations omitted).

Defendant cites *Daugherty v. Wabash Center, Inc.*, 577 F.3d 747, 750 (7th Cir. 2009), as being "strikingly similar" to the facts of this case.  There, the court stated that:

> an employer may terminate employees – even when on leave – if the employer discovers misconduct that would justify termination had leave not been taken.  "The fact that the leave permitted the employer to discover the problems cannot logically be a bar to the employer's ability to fire the deficient employee."

*Id.* (quoting *Kohls v. Beverly Enters. Wis., Inc.*, 259 F.3d 799, 806 (7th Cir. 2001)).  In *Daugherty*, it was undisputed that the employee had violated company policy and had serious deficiencies in performance.

Here, there is no dispute that Plaintiff was entitled to FMLA leave.  The Arc presented undisputed evidence, however, that Plaintiff failed to perform her duties satisfactorily before she took that leave.  Indeed, she failed to reinstate even one client's Food Stamp benefits between November and December 2010.  Plaintiff's leave further revealed the depth of her deficiency, as her coworkers discovered that ninety-nine clients were not receiving Food Stamp benefits that they were due, and twenty-five were not receiving Social Security benefits that they were due.  There is no genuine dispute regarding Plaintiff's entitlement to be reinstated:  even had she never

taken FMLA leave, she would not have been entitled to keep her job.

**B.   Retaliation Claim**

A retaliation claim under the FMLA may be proven by either direct or indirect evidence.   Because Plaintiff lacks direct evidence, she seeks to establish this claim *via* indirect evidence.   Such a claim is analyzed under a burden-shifting framework.   If Plaintiff alleges a *prima facie* case of retaliation, and Defendant offers a non-discriminatory explanation for her termination, Plaintiff bears the burden of establishing that Defendant's explanation is pretext for an FMLA violation.   *Laing v. Fed. Exp. Corp.*, --- F.3d ----, 2013 WL 93141, at *5 (4th Cir. Jan. 9, 2013).

As discussed above, The Arc presented undisputed evidence that it fired Plaintiff for her unsatisfactory work performance. Plaintiff has not satisfied her burden to establish that The Arc's "proffered explanation is pretext for FMLA retaliation." *Id.* at *8 (quoting *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001)).   Therefore, there is no genuine dispute that Plaintiff's failures to maintain and reinstate The Arc's clients' Food Stamp and Social Security benefits were the reason she was terminated, or that The Arc was badly motivated in so asserting.

## IV.    Conclusion

For the foregoing reasons, the motion for summary judgment filed by The Arc of Prince George's County will be granted.   A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
